**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL PALECEK,

      Petitioner - Appellant,

v.

SUSAN JONES, Warden, Colorado
State Penitentiary; JOHN W.
SUTHERS, the Attorney General of
the State of Colorado,

      Respondents - Appellees.

No. 12-1177
(D.C. No. 1:11-CV-02868-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

      A Colorado jury convicted Paul Palecek of two counts of murder and two
counts of conspiracy to commit murder. Mr. Palecek's convictions were affirmed
on appeal, and the Colorado Supreme Court denied certiorari in November 2000.
Eleven years later, in November 2011, Mr. Palecek filed a federal habeas petition
under 28 U.S.C. § 2254, which the district court dismissed as untimely. *See* 28

---

      [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2244(d)(1). Mr. Palecek now seeks a certificate of appealability ("COA") to appeal that dismissal.[1]

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court dismisses a § 2254 petition on procedural grounds, that means we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We cannot say so much here. The district court issued a thorough opinion explaining why Mr. Palecek's petition is untimely and we find ourselves in agreement with its analysis and unable to discern anything we might add to it. Accordingly, we grant Mr. Palecek's motion to proceed *in forma pauperis*, but deny his request for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1] Upon review of Mr. Palecek's notice of appeal, which includes a stamp from his prison's legal mail system, it is clear that he placed his notice of appeal in the prison mail system within thirty days of the entry of the district court's judgment. Accordingly, Mr. Palecek's notice of appeal is timely filed pursuant to the prison mailbox rule. Fed. R. App. P. 4(c)(1); *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005).